UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JASON DOUGLAS HOFF,

                Plaintiff,

    v.

SNOHOMISH COUNTY,

               Defendant.

Case No. C22-658-DGE-MLP

REPORT AND RECOMMENDATION

## I.    INTRODUCTION

This is a 42 U.S.C. § 1983 prisoner civil rights action. Plaintiff Jason Douglas Hoff, proceeding *pro se* and *in forma pauperis*, is currently confined at the Coyote Ridge Corrections Center ("CRCC") in Connell, Washington. This Court has twice previously declined to serve Plaintiff's complaint and granted him leave to file an amended complaint. (Dkt. ## 6, 10.) Plaintiff has now filed a second amended complaint alleging that Snohomish County violated his constitutional rights under the Fourteenth Amendment. (Dkt. # 11 at 3.) This Court, having reviewed Plaintiff's second amended complaint (dkt. # 11), and the balance of the record, recommends that this action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim for relief.

REPORT AND RECOMMENDATION - 1

## II. BACKGROUND

On May 16, 2022, Plaintiff submitted his original proposed complaint in this matter alleging claims against an "Unknown State Representative" because from December 2014 to June 2016, he was wrongfully convicted and/or incarcerated (*See* dkt. ## 1, 4.) On May 18, 2022, this Court issued an Order declining to serve Plaintiff's complaint and granting him leave to file an amended complaint. (Dkt. # 6.) The Court explained in that Order that Plaintiff had failed to name a viable defendant and that his claim lacked sufficient clarity and specificity to put any Defendant on notice of his particular claim against them and the precise constitutional grounds allegedly violated amongst several other deficiencies. (*Id*. at 3-5.)

On May 23, 2022, Plaintiff submitted an amended complaint alleging that the "Chairman of the Board" of the "Snohomish County Commissioners" and a "Superintendent of the Washington State Reformatory" were responsible for his wrongful conviction and/or incarceration. (Dkt. # 7.) On June 13, 2022, this Court issued a second Order declining to serve Plaintiff's amended complaint due to Plaintiff's continued failure to name a viable defendant and because his claim lacked sufficient clarity and specificity to put any potential Defendant on notice of his particular claim. (Dkt. # 10 at 4-6.)

On July 12, 2022, Plaintiff submitted the instant complaint alleging claims against only Snohomish County. (Dkt. # 11.) In his latest submission, Plaintiff alleges that he was unlawfully imprisoned, in violation of his Fourteenth Amendment due process and equal protection rights, due to the reversal by the Washington Court of Appeals of a prior Snohomish County conviction for failure to register as a sex offender. (*Id*. at 4-5 (citing *State v. Hoff*, 193 Wn. App. 1027 (Wash. Ct. App. 2016).) Based on the Washington Court of Appeals' unpublished opinion in that case, Plaintiff was previously convicted on one count of failing to register as a sex offender and

one count of violating community custody. *Id.* Plaintiff's conviction for failure to register as a sex offender was reversed upon a joint motion for remand by the parties, and the matter was remanded to the Snohomish County Superior Court to resentence Plaintiff on his remaining count of violating community custody. *Id.*

In an attached document to his second amended complaint, Plaintiff specifies that he was aware of his duty to register, and that upon moving to a different residential address on or around September 2014, he went to the Snohomish County Sheriff's Office to register. (Dkt. # 11-1 at 1.) After entering the Sherriff's Office, Plaintiff alleges that he was turned away by a woman at the transcripts desk and that a warrant later issued for his arrest. (*Id.*) Plaintiff alleges that at his trial on the charge, Snohomish County admitted that they were training at the time "so they were not able to perform their dut[ies]." (*Id.*) As a result, Plaintiff alleges that from 2015 to June 24, 2016, he was wrongfully incarcerated. (*Id.*) Plaintiff seeks a recalculation of his prison sentence in addition to compensatory damages in total of $500,000.00. (Dkt. # 11 at 5, 9; Dkt. # 11-2.)

### III.     DISCUSSION

#### A.     Screening Standards

Once a complaint is filed *in forma pauperis*, the Court must dismiss it prior to service if it "fails to state a claim on which relief can be granted." 28 U.S.C. § 1915(e)(2)(b)(ii). Rule 8(a) of the Federal Rules of Civil Procedure provides that in order for a pleading to state a claim for relief it must contain a short and plain statement of the grounds for the court's jurisdiction, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for the relief sought. The statement of the claim must be sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). The factual allegations of a complaint must be "enough to raise a right to

REPORT AND RECOMMENDATION - 3

relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In addition, a complaint must allege facts to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show that: (1) he suffered a violation of rights protected by the Constitution or created by federal statute; and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

**B.     Analysis**

Here, Plaintiff's second amended complaint remains deficient as to the standards set forth above. First, Plaintiff's second amended complaint remains deficient because it does not conform with the requirements of Rule 8(a). Plaintiff's claim still lacks sufficient clarity and specificity to put any potential defendant on notice of his particular Fourteenth Amendment claim against them. Though Plaintiff now names Snohomish County as the sole Defendant in this matter, Plaintiff fails to set forth a basis that would allow for him to proceed against Snohomish County in this action. While it is permissible under § 1983 for a plaintiff to pursue a claim against a county, a plaintiff must specifically identify the County as a defendant and must identify a municipal "policy" or "custom" that caused any alleged injury. *See Monell v. Department of Soc. Servs., of City of New York*, 436 U.S. 658, 691-694 (1978); *Bryan Cty. Commissioners v. Brown*, 520 U.S. 397, 403 (1997). Here, Plaintiff's amended pleading fails to identify such a "policy" or "custom" of Snohomish County.

REPORT AND RECOMMENDATION - 4

In any event, it is now clear from Plaintiff's multiple complaint submissions at this juncture that any potential claim concerning a reversal of his prior conviction for failing to register as a sex offender is barred by the statute of limitations. For claims brought under 42 U.S.C. § 1983, federal courts apply the forum state's statute of limitations governing personal injury actions. *See Wilson v. Garcia*, 471 U.S. 261, 266-67 (1985). Thus, the applicable limitations period for Plaintiff's claims is three years. RCW 4.16.080(2). Although state law provides the applicable limitations period, federal law determines when the cause of action accrues. *See Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir. 1998) (citing *Elliott v. City of Union City*, 25 F.3d 800, 802 (9th Cir. 1994)). Under federal law, a claim accrues when the plaintiff knows, or should have known, of the injury which is the basis of the cause of action. *Id*.

Here, it appears that Plaintiff's asserted claim is largely premised on the Court of Appeals' reversal of his failure to register as a sex offender conviction in April 2016. (*See* dkt. # 11 at 4-5; *see also Hoff*, 193 Wn. App. 1027.) Plaintiff initially filed this action on May 18, 2022. (*See* dkt. # 4.) Given that Plaintiff knew or should have known of the basis of his claim when his conviction was reversed in April 2016, the statute of limitations on any such claim has since expired. Because Plaintiff has not identified any viable Defendant in his second amended pleading, nor set forth any viable claims, the Court recommends that Plaintiff's second amended complaint be dismissed.

## IV.   CONCLUSION

Based on the foregoing, this Court recommends that Plaintiff's second amended complaint (dkt. # 11) and this action be DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim for relief under § 1983. A proposed Order accompanies this Report and Recommendation.

REPORT AND RECOMMENDATION - 5

1    Objections to this Report and Recommendation, if any, should be filed with the Clerk and
2    served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report
3    and Recommendation is signed. Failure to file objections within the specified time may affect
4    your right to appeal. Objections should be noted for consideration on the District Judge's
5    motions calendar for the third Friday after they are filed. Responses to objections may be filed
6    within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter
7    will be ready for consideration by the District Judge on **August 12, 2022**.

8    The Clerk is directed to send copies of this Report and Recommendation to the parties
9    and to the Honorable David G. Estudillo.

10   Dated this 19th day of July, 2022.

                                          _____
                                          MICHELLE L. PETERSON
                                          United States Magistrate Judge

REPORT AND RECOMMENDATION - 6